## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN CRAIG JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 1:15-CV-01946-AT-JFK |
| | ) | |
| RICK HENDRICK CHEVROLET, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant RHCB, LLC d/b/a Rick Hendrick Chevrolet Buford ("Defendant" or "RHCB")[1] respectfully submits this Memorandum in support of its Motion to Dismiss.  Defendant respectfully requests the dismissal of Plaintiff's Complaint in its entirety, as Plaintiff failed to exhaust administrative remedies for the sole retaliation claim that appears to be asserted therein, and Plaintiff otherwise fails to allege sufficient facts to support his asserted cause(s) of action.

---

[1] Defendant is incorrectly identified in Plaintiff's *pro se* Complaint as "Rick Hendrick Chevy" or "Rick Hendrick Chevrolet."  The correct Defendant in this action, and Plaintiff's former employer, is RHCB, LLC.   To the extent any response is required of "Rick Hendrick Chevy" or "Rick Hendrick Chevrolet," said incorrectly named entities adopt this Motion in its entirety.

## Procedural History and Background Facts

Plaintiff is a former employee of RHCB.  (Doc. 3, Compl. at 16.)[2]  Plaintiff alleges he began his employment on May 28, 2010 as a "bodyman."  (*Id.*) Plaintiff's employment with RHCB was terminated on or about February 3, 2014 for "poor performance." (*Id.*)

Following his discharge, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on May 5, 2014. (Doc. 3, Compl. at 16.)  In the Charge, Plaintiff alleged that he believed he had "been discriminated against because of [his] race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*)  Plaintiff checked

---

[2] Plaintiff's Complaint is devoid of many pertinent factual allegations, including the basic information required on the Court's pro se form.  For purposes of this Motion, the history of Plaintiff's employment with RHCB is pulled from Plaintiff's EEOC Charge of Discrimination, which Plaintiff attached to his Complaint. Though this is a Motion to Dismiss and the Court's analysis is generally confined to the pleadings, the Court is permitted to consider a plaintiff's EEOC Charge of Discrimination attached to a Complaint.  *See, e.g., Sessom v. Wellstar Hosp.,* No. 1:08–CV–2057–TWT–LTW, 2009 U.S. Dist. LEXIS 126752, at *6 n. 1 (N.D. Ga. Apr. 27, 2009) (finding that EEOC charge was "properly considered on the motion to dismiss because Plaintiff has not disputed its authenticity and refers to it in her Complaint," and "it is central to Plaintiff's cause of action given that the filing of an EEOC charge is a condition precedent to filing a Title VII claim"), *adopted by* 2009 U.S. Dist. LEXIS 105920 (N.D. Ga. May 28, 2009).

the box for "Race" as his only claim in the Charge.  (*Id.*)  On March 2, 2015, the EEOC issued its Notice of Right to Sue.  (*Id.* at 17.)

Plaintiff filed the instant action on June 2, 2015, using the Court's *Pro Se* Employment Discrimination Complaint Form.  (Doc. 3, Compl. at 1.)  Plaintiff's Complaint asserts only a claim for retaliation under Title VII.  Specifically, in paragraph 12 of the Complaint form, Plaintiff selected that the conduct complained of in his lawsuit involves "working under terms and conditions of employment that differed from similarly situated employees" and "retaliation." (*Id.* at 6.)  However, in responding to paragraph 13 of the Complaint form, Plaintiff selects only that he is alleging discrimination because of "my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation." (*Id.*)  Plaintiff did not select or allege race discrimination or any other unlawful discrimination.  (*Id.*)  While not a model of clarity, Plaintiff's narrative in response to paragraph 14 of the form likewise supports a reading of his Complaint that he is only asserting a claim for retaliation and does not allege any acts of race discrimination.  (*Id.* at 7.)

Defendant RHCB signed and returned a waiver of service form on July 2, 2015.  (Doc. 7, Waiver.)  Defendant now files this timely Motion to Dismiss, seeking the dismissal of Plaintiff's Complaint in its entirety.

## Argument and Authority

### I.      Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.; see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The plaintiff's allegations "requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  A "sheer possibility that the defendant has acted unlawfully" is insufficient.  *Iqbal*, 556 U.S. at 678.

"A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *75 Acres, L.L.C. v. Miami-Dade Cnty.*, 338 F.3d 1288, 1293 (11th Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "In evaluating such a motion, [the court] accept[s] the factual allegations in the complaint as true

and . . . construe[s] them in the light most favorable to the plaintiff." *75 Acres, L.L.C.*, 338 F.3d at 1293 (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).  However, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In general, a court evaluating a 12(b)(6) motion may not consider matters outside the pleadings unless the court treats the motion to dismiss as one for summary judgment under Fed. R. Civ. P. 56.  Fed. R. Civ. P. 12(b).  However, a court may consider documents attached to the complaint and documents filed in connection with a motion to dismiss without converting the motion to a motion for summary judgment if those documents are central to the complaint and not in dispute.  *See Harris v. Ivax Corp.,* 182 F.3d 799, 802 n. 2 (11th Cir.1999); *see also Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010).  Additionally, when considering a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, "'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.'"  *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (unpublished decision) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).

## II.     Plaintiff's Claim For Retaliation Should Be Dismissed For Failure To Exhaust Administrative Remedies

Plaintiff's retaliation claim – which appears to be the only claim asserted in the Complaint – is barred for failure to exhaust administrative remedies, as Plaintiff failed to file a charge of discrimination on such a claim.  Before a plaintiff may bring a Title VII action in court, the plaintiff must first exhaust administrative remedies by filing a charge of discrimination with the EEOC.  42 U.S.C. § 2000e-5; *Gregory v . Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) ("Prior to filing a Title VII action . . . a plaintiff must file a charge of discrimination with the EEOC.").

It is well-settled that a plaintiff's claims in litigation are limited to claims that were actually alleged to the EEOC for investigation.  *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000).  "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Gregory*, 355 F.3d at 1280 (quotations omitted).  Plaintiff may not raise "[a]llegations of new acts of discrimination" in the judicial proceedings."  *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (quotations omitted).  *See also Jerome v. Marriott Residence Inn Barcelo Crestline,* 211 F. App'x 844 (11th Cir. 2006); *Lambert v. Alabama Department of Youth Services,* 150 F. App'x 990 (11th Cir. 2005); *Mulhall v.*

*Advance Security, Inc.,* 19 F.3d 586, 589 n. 8 (11th Cir.1994); *Banks v. Ackerman Sec. Sys. Inc.*, No. 1:09-cv-0229, 2009 WL 974242, at *2 (N.D. Ga. April 10, 2009) ("[a]lleged acts of discrimination that are raised for the first time in a judicial complaint are inappropriate and should be dismissed for failure to exhaust administrative prerequisites").

Here, Plaintiff's claim for retaliation should be dismissed because it was not asserted in his EEOC Charge.  (Doc. 3, Compl. at 16.)  Rather, Plaintiff's EEOC Charge alleges only race discrimination; the "race" box is checked, while the "retaliation" box is not.  (*Id.*)  Further, in the narrative section of the Charge, Plaintiff says nothing of retaliation and asserts only that he believes he was "discriminated against because of [his] race . . ."  (*Id.*)  There is simply no retaliation claim asserted within the Charge.  *See, e.g., Maxwell v. Inner Harbour, Ltd.*, No. 1:08-CV-2925-RWS, 2009 WL 1045478, at*2 (N.D. Ga. April 20, 2009) ("Because Plaintiff failed to include her retaliation claim in her EEOC charge, the Court finds that Plaintiff failed to exhaust her administrative remedies. Therefore, her retaliation claim is due to be dismissed."); *Dowlatpanah v. Wellstar Health Sys., Inc.,* No. 1:05-CV-2752-WSD-RGV, 2007 WL 639875, at *5 (N.D. Ga Feb. 26, 2007) (dismissing retaliation claim where Charge was silent as to retaliation).

Defendant is mindful that the Eleventh Circuit has found that a retaliation claim is not necessarily barred just because a plaintiff failed to check the "retaliation" box on the Charge. *See, e.g., Gregory*, 355 F.3d at 1280 (holding district court did not err in finding retaliation claim was not administratively barred by the plaintiff's "failure to mark the retaliation space on the EEOC template form" where the facts alleged in the charge "could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination"); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462-63 (5th Cir. 1970) (failure to check the appropriate box on a Charge does not bar plaintiff from litigating a claim so long as the factual allegations in the Charge are sufficient). Here, however, Plaintiff's claim should not be salvaged on such a ground, as the Charge itself is completely devoid of ***any*** factual allegations that would support a retaliation theory. Indeed, the entire body of facts alleged in the Charge is as follows:

> I.   I was hired by the above-named company on May 28, 2010, as a Bodyman. I was discharged on February 3, 2014.
> II.  My separation notice states that my discharge was due to "poor performance."
> III. I believe that I have been discriminated against because of my race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 3, Compl. at 17.)

Thus, beyond failing to check the retaliation box, Plaintiff's Charge is also devoid of any facts to support a theory of retaliation, such as who retaliated against him or the protected activity for which he was allegedly retaliated against.  Where both the retaliation box is not checked and the Charge does not allege facts of retaliation, courts have held that a retaliation claim asserted later in court is barred for failure to exhaust administrative remedies.  *See, e.g., Houston v. Army Fleet Services, L.L.C.*, 509 F.Supp.2d 1033 (M.D. Ala. 2007); *Miller v. Southwestern Bell Tel. Co.*, 51 F. App'x 928 (5th Cir. 2002); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544-45 & n.2 (7th Cir. 1988).   As the *Houston* court observed, "[t]o hold otherwise would effectively exempt all retaliation claims from Title VII's requirements regarding exhaustion of administrative remedies."   *Houston*, 509 F.Supp.2d at 1044 (quotation omitted).

Because Plaintiff's Charge of Discrimination on its face claims only race discrimination, and specifically omits any claim for retaliation, Defendant respectfully requests that the Court dismiss Plaintiff's retaliation claim as being barred for failure to exhaust administrative remedies.

### III.    Plaintiff Fails to Allege Sufficient Facts

As noted above, Plaintiff's Complaint appears to only assert a retaliation claim.  To the extent the Court determines the Complaint also encompasses a race discrimination claim, or should the Court decline to dismiss the retaliation claim as requested above, Defendant contends that the entire Complaint should nevertheless be dismissed under *Twombly/Iqbal* because of Plaintiff's failure to plead facts sufficient to support either a race discrimination or retaliation claim.   At a minimum, Plaintiff should be required to file an amended complaint with a more definitive statement of facts.

As noted above, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  The *Twombly* Court further held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly,* 550 U.S at 545.  As this Court has recognized, "[t]hat standard 'does not require detailed factual allegations, but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Moon v. UPS*, No. 2:11-CV-032-RWS-SSC, 2012 WL 255789, at *1 (N.D. Ga. Jan. 3, 2012) (internal quotations omitted), *report and recommendation adopted*, No. 2:11-CV-00032-RWS, 2012 WL 254009 (N.D. Ga. Jan. 27, 2012).

*Pro se* Plaintiffs are also held to this pleading standard. *See Moton v. Cowart,* 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011); s*ee also Washington v. CSX Transp. (R.R.),* No. CV408–247, 2009 U.S. Dist. LEXIS 129203, at *4–5 (S.D. Ga. Mar. 9, 2009) ("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief."), *adopted by* 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009). "Although *pro se* pleadings are held to a less stringent standard than pleadings filed by lawyers and are generally construed liberally, [see] *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Giles v. Wal-mart Distribution Ctr.,* 359 F. App'x. 91, 93 (11th Cir.2008), citing *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir.1998) (internal citations omitted); *Moton v. Cowart,* 631 F.3d 1337, 1341 n. 2

(11th Cir. 2011); *Shanks v. Potter*, No. CV110-045, 2010 WL 8347107, at *5 (S.D. Ga. Dec. 28, 2010) ("the latitude afforded to *pro se* plaintiffs is not without limits"). As such, Plaintiff may not rely on the Court to construct plausible claims out of his vague, innocuous factual assertions. *See Holland v. Pilot Travel Centers, LLC*, No. 5:09-CV-262 (CAR), 2010 WL 2732047, at *6 (M.D. Ga. July 8, 2010). Instead, *pro se* plaintiffs must build their own case, beginning with a properly pled complaint. *See id*.

Plaintiff's Complaint fails this rigorous standard for multiple reasons. First, to the extent Plaintiff is attempting to assert a race claim (which was the claim asserted in his Charge), he has not selected such a claim on the Complaint form. (Doc. 3, Compl. at 6.) Indeed, Plaintiff has not even alleged his race or other protected characteristics on the Complaint form. (*Id.*)

Second, Plaintiff's narrative fails to provide any of the "essential facts" of his claims, as required by paragraph 14 of the Complaint form. (Doc. 3, Compl. at 7.) That is, while Plaintiff gives a written narrative of several grievances, nothing in the narrative asserts the essential facts necessary to predicate a claim of retaliation or race discrimination. (*Id.*) Plaintiff does not allege his race or that he engaged in any protected activity. Plaintiff does not allege who discriminated or retaliated against him, or when any such conduct occurred. Plaintiff does not

12

identify any similarly-situated comparators.   And while Plaintiff alleges a few things that could potentially be considered adverse employment actions (e.g., "[m]y payrate decreased from $14 hour to $12 hour"), he does not allege that any such actions were taken as a result of his race or due to participating in protected activity.   (*Id.*)   Indeed, the only place in the Complaint were Plaintiff seems to allege any retaliation at all is where he does so on behalf of another person:   "Bob Wharton (estimator) was fired (retailigated [sic] against for telling HR about my unfair treatment."   (*Id.*)

This Court dismissed a similarly deficient *pro se* complaint (using the same Title VII complaint form) for failing to meet the *Twombly/Iqbal* pleading standards in the *Moon* case:

> Plaintiff alleges that Defendant discriminated against him because of his race in violation of Title VII.   In order to state a claim for race discrimination under Title VII, Plaintiff must allege, at a minimum, facts that would "allow[ ] the court to draw the reasonable inference," that Defendant subjected him to an adverse employment action, such as a termination, failure to promote or demotion, because of his race, or to a discriminatorily hostile or abusive work environment based on his race.   In order to state a racially hostile work environment claim under Title VII, Plaintiff must allege facts that show that he belongs to a protected group, i.e., he is African–American; that he was subjected to unwanted harassment on the basis of that protected characteristic; that the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create a discriminatorily abusive working environment; and that there is a basis for holding his employer liable.

Plaintiff's complaint falls far short of the requirements of Rule 8, *Twombly* and *Iqbal*. Plaintiff alleges in conclusory fashion that Defendant failed to promote him, terminated him and committed "theft of property, l[y]ing, commutation of a threat [and] falsifying paperwork" because of his race, but there is no "factual enhancement" of those allegations in Plaintiff's complaint such that the court could "infer more than the mere possibility of misconduct" on Defendant's part. In response to the form Title VII complaint's instructions to "[d]escribe the discriminatory actions or events" giving rise to his complaint and to provide "factual detail, including names and dates concerning what happened," Plaintiff described two instances in which a co-worker spoke rudely to him, but he provided no facts to show that the co-worker's conduct was based on Plaintiff's race and no other facts to support his claims of race discrimination. Plaintiff's allegations are insufficient to state a claim under Title VII. *See, e.g., Hopkins v. Saint Lucie Cnty. Sch. Bd.,* 399 F. App'x 563, 566–67 (11th Cir.2010) (unpublished decision) (affirming district court's dismissal of plaintiff's discrimination complaint because the plaintiff failed to state facts that would be sufficient to establish a *prima facie* case of discrimination and explaining, "He provides no facts that would allow a court to infer that the school district treated those outside the class of African–American males more favorably [but i]nstead, his complaint lists conclusory allegations of discrimination and fails to provide, as required by *Twombly* and *Iqbal,* the 'sufficient factual matter' to establish a prima facie case").

*Moon*, 2012 WL 255789, at *2 (internal citations omitted). Plaintiff's claims here should be dismissed for the same reasons: Plaintiff fails to allege any of the essential facts necessary to support a race discrimination or retaliation claim.

## Conclusion

Plaintiff's Complaint appears to assert only a claim for retaliation. Such a claim is subject to dismissal with prejudice, as Plaintiff failed to include his

retaliation claim in his EEOC Charge of Discrimination, which alleged only race discrimination.  Further, Plaintiff's retaliation claim (and, to the extent asserted in the Complaint, his race discrimination claim) should be dismissed under *Twombly/Iqbal* because Plaintiff failed to plead sufficient facts in support of his claims.   Defendant thus respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.   In the alternative, should the Court decline to dismiss this action, Defendant requests that Plaintiff be required to file an amended complaint specifying clearly what causes of action are asserted and setting forth facts sufficient to support each such claim.

Respectfully submitted this 24th day of August 2015.[3]

s/Michael Oliver Eckard
Michael Oliver Eckard
GA Bar No. 238550
michael.eckard@ogletreedeakins.com
Sherry A. Nielsen
GA Bar No. 968877
sherry.nielsen@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, Georgia 30303
Telephone:  404.881.1300
Fax:  404.870.1732

Attorneys for Defendant

---

[3] The undersigned counsel further certifies, pursuant to LR 7.1(D), that this document has been prepared using Times New Roman 14-point font.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN CRAIG JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 1:15-CV-01946-AT-JFK |
| | ) | |
| RICK HENDRICK CHEVROLET, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on this date, I electronically filed **Defendant's Motion to Dismiss and Memorandum in Support of Defendant's Motion to Dismiss** with the Clerk of Court using the CM/ECF system.  In addition, a copy was served on the following parties by U.S. Mail:

Warren C. Jordan
1110 Ball Park Lane, #5310
Lawrenceville, Georgia 30043

This 24th day of August 2015.

s/Michael Oliver Eckard
Michael Oliver Eckard
GA Bar. No. 238550